STATE of Missouri, Respondent,

v.

**Darrin DUNLAP, Appellant.**

**Darrin DUNLAP, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 57008, 59993.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 4, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1992.

Application to Transfer Denied June 30, 1992.

Law Offices of Norman S. London; Thomas F. Flynn, Norman S. London, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Darrin Dunlap, appeals from his convictions, after a jury trial, of rape and sodomy. He was sentenced to consecutive terms of imprisonment of five years and ten years respectively. Defendant also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

The evidence, viewed in a light most favorable to the verdict, discloses that on November 22, 1987, at approximately 3:00 a.m., the victim was driving home from work on a highway in St. Louis County. Before reaching her home, the victim stopped her car and urinated in some bushes along the highway. When she returned to her car, she realized that she had locked the keys in the car and had left the engine running.

Defendant, who was a passenger in a car driven by a friend (driver), awakened when driver stopped to help the victim. Driver and defendant were unable to open the car door and agreed to take the victim to a restaurant to get a coat hanger. When no coat hanger was available at the restaurant, they went to gas station across the street. At the gas station, driver told defendant that he was going to "try something."

All three got back into driver's automobile and drove toward the victim's car. Driver drove past the exit where the victim's car was located and headed toward the City of St. Louis (city). When the victim protested, driver pointed a pistol at her.

Driver eventually parked the car in an alley in the city. Both driver and defendant then raped and sodomized the victim. After the crimes were committed, driver and defendant drove the victim to her home.

Defendant was arrested after police received information through an informant that he may have been involved in the rape. The victim identified defendant in a lineup as one of her assailants. Defendant gave police a verbal and a written statement in which he admitted his participation in criminal acts against the victim. Defendant stated, however, that he had participated only because he feared driver.

In his direct appeal, defendant claims that the trial court erred in overruling his motions to suppress the victim's lineup identification of him and to suppress statements made by him to police. Defendant argues that because police arrested him without probable cause, victim's subsequent identification of him as well as his statements to police were "fruits of the poisonous tree" and were not admissible. We disagree.

■ We first address the admission of the victim's out-of-court identification of defendant. In the instant action, defendant testified at trial and confirmed most of the victim's testimony about facts leading up to commission of the crimes. He testified that he had raped the victim because he feared driver. He denied having committed sodomy. We need not reach the issue of whether probable cause existed for defendant's arrest, because the admission of the victim's out-of-court identification of him simply corroborated defendant's own testimony. Defendant was not prejudiced by the admission of the identification testimony. The trial court did not err in failing to suppress such testimony.

■ We next consider the admission into evidence of statements made by defendant following his arrest. Statements made to police following an illegal arrest are admissible against the defendant if the arrest

**434**

and the subsequent statements are broken by intervening events and the statements were sufficiently voluntary to purge the primary taint. *State v. Kilgore,* 771 S.W.2d 57, 61 (Mo. banc 1989); *State v. Reynolds,* 619 S.W.2d 741, 746–747 (Mo. 1981). The court should consider the following factors in making its determination of the admissibility of a statement: (1) the issuance of *Miranda* warnings; (2) the time elapsed between the arrest and the confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct. *Kilgore,* 771 S.W.2d at 61.

Here, defendant was given his *Miranda* warnings on at least three occasions. He gave the statements to police approximately 24 hours after his arrest. During that same time period, the victim identified defendant in a lineup and St. Louis County filed charges of kidnapping against him. Assuming *arguendo* that there was no probable cause to arrest defendant, there was evidence to support the trial court's finding that defendant's statements were sufficiently voluntary and remote in time to the arrest, such that they were free of any taint of the illegal arrest. The court did not err in admitting defendant's statements into evidence. Defendant's two points on direct appeal are denied.

Defendant next argues that the motion court erred in denying his Rule 29.15 motion for post conviction relief, in which he raised various claims of ineffective assistance of counsel. We have carefully reviewed the record. The judgment of the motion court is based on findings of fact that are not clearly erroneous; no error of law appears. A written opinion would have no precedential value. Defendant's point of error relative to his Rule 29.15 motion is denied pursuant to Rule 84.16(b).

Defendant's convictions are affirmed. The denial of defendant's Rule 29.15 motion is affirmed.

SATZ and PUDLOWSKI, JJ., concur.